IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

RECEIVED AUG 0 1 2019

1

| | |
|---|---|
| Michael Miles Lindsay,<br>**PLAINTIFF[S]**<br><br>VS.<br><br>Nicole Francis, Advanced Registered Nurse<br>Practitioner IMCC<br>Stephanie Schmidt, Registered Nurse IMCC<br>First Name Unknown (Jane Doe),Pharmacist IMCC<br>First Name Unknown (John Doe), Physician IMCC<br>First Name Unknown (Jane Doe-1), Registered<br>Nurse IMCC<br>First Name Unknown (Jane Doe-2), Registered<br>Nurse IMCC<br>Daniel Forbes, Correctional Officer IMCC<br>Franklin Selden, Correctional Officer IMCC<br>Individually and in there Official Capacity,<br>**DEFENDANT[S]** | Re: Case No. 1:19-cv-00029-LTS-KEM<br><br><br>AMENDED COMPLAINT |

2

3    Comes now, the plaintiff pro se would request respectfully an answer for the following complaint

4    against the defendants.

5

6

7

8

9

10

11

CONFIDENTIAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

## I. JURISDICTION & VENUE

12

1.

13      a)    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the

14    deprivation, under color of state law, of rights secured by the constitution of the United States.

15    The court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a) (3, 4). Plaintiff seeks

16    declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive

17    relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil

18    Procedure. Plaintiffs' Plaintiff also seeks Monetary Compensation in the amount of $580,000.00.

19      b)    The United States District Court for the Eastern District of Iowa is an appropriate

20    venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim

21    occurred.

22

## II. PLAINTIFF[S]

23      a)    Plaintiff, Michael Miles Lindsay is and was at all times mentioned herein a

24    prisoner of the state of Iowa in the custody of the Iowa Department of Corrections. He is

25    currently confined in Iowa Medical Classification Center (IMCC), in Coralville, Iowa.

26

## III. DEFENDANT[S]

27    -    For the honorable judge residing in this case it should be noted that the plaintiff is

28    unsure of some of the defendant's names as a result of lack of cooperation from the

29    Department of Corrections staff and limited funds.

30      a)    Defendant, Nicole Francis is the advanced registered nurse practitioner (ARNP)

31    of Iowa Department of Corrections who at all times mentioned in this complaint was employed at

32    Iowa Medical Classification Center in Coralville, Iowa.

33        b)        Defendant, Stephanie Schmidt is the Registered Nurse (RN) of the Iowa

34    Department of Corrections who at all times mentioned in this complaint was employed at Iowa

35    Medical Classification Center in Coralville, Iowa

36        c)        Defendant, First Name Unknown (Jane Doe) is the Pharmacist of the Iowa

37    Department of Corrections who at all times mentioned in this complaint was employed at Iowa

38    Medical Classification Center in Coralville, Iowa.

39        d)        Defendant, First Name Unknown (John Doe) is the Physician of the Iowa

40    Department of Corrections who at all times mentioned in this complaint was employed at Iowa

41    Medical Classification Center in Coralville, Iowa

42        e)        Defendant, First Name Unknown (Jane Doe-1) is a Registered Nurse (RN) of the

43    Iowa Department of Corrections who at all times mentioned in this complaint was employed at

44    Iowa Medical Classification Center in Coralville, Iowa.

45        f)        Defendant, First Name Unknown (Jane Doe-2) is a Registered Nurse (RN) of the

46    Iowa Department of Corrections who at all times mentioned in this complaint was employed at

47    Iowa Medical Classification Center in Coralville, Iowa.

48        g)        Defendant, Daniel Forbes Is a Correctional Officer (CO) of the Iowa Department

49    of Corrections who at all times mentioned in this complaint held the rank of Sergeant and was

50    assigned at Iowa medical Classification Center in Coralville, Iowa.

51        h)        Defendant, Franklin Selden Is a Correctional Officer (CO) of the Iowa

52    Department of Corrections who at all times mentioned in this complaint held the rank of

53    Sergeant and was assigned at Iowa Medical Classification Center in Coralville, Iowa.

54    -    Each defendant is sued individually and in his/her official capacity. At all times

55    mentioned in this complaint each defendant acted under the color of state law.

56                                      IV. FACTS

57    a)    On 10-26-2018 plaintiff Lindsay was incarcerated in the Iowa Department of

58    Corrections at Iowa Medical Classification Center (IMCC) in Coralville, Iowa. Also On 10-26-2018

59    defendant Nicole Francis (ARNP) interviewed plaintiff Lindsay and established duty with said

60    plaintiff. Upon what defendant Nicole Francis told the plaintiff she reviewed his past and current

61    medical and mental health history, infectious disease and immunization status in order to

62    develop a health care plan in coordination with the interdisciplinary health care team assigned

63    to said plaintiff Lindsay as he is/has been a type 1 insulin dependent Diabetic. Health care plan

64    was scheduled blood sugar checks 4 times a day along with sliding scale insulin (Regular) per

65    blood sugar results, as well as long acting (Detimerr) insulin at p.m. insulin line.

66    b)    On 11-5-2018 plaintiff Lindsay went to his scheduled 4:30 a.m. blood

67    sugar/insulin administration line per defendant Nicole Francis's orders. Defendant First Name

68    Unknown (Jane Doe-1) informed plaintiff Lindsay upon completion of his blood sugar which was

69    above 300 that there was no order for his short acting/regular insulin which breached above

70    duty established by defendant Nicole Francis and that he would have to wait till the following

71    day (11-6-2018) until he could see a doctor to have his insulin order renewed as one was not

72    available at that time. This is a violation of Institutional Policy Chapter 6. Health Services/sub

73    chapter. Administration/Subject. Administration Organization of Health Services #6.Medical

74    Staff/section-c "Develop medical treatment plans and initiate therapy and monitoring of

75    interventions, including ordering and renewing medication" and section-g" Provide 24/7 onsite

76 or on call physician services". Plaintiff Lindsay returned to his assigned unit without proper and

77 adequate medical attention.

78       c)     On 11-5-2018 at approximately 10:20 a.m. plaintiff Lindsay went to his next

79 scheduled blood sugar/insulin administration line where his blood sugar upon rechecking had

80 increased leaving plaintiff Lindsay in need of his short acting/regular insulin. Defendant FNU

81 (Jane Doe-1) again told plaintiff Lindsay that there were no orders for insulin and that plaintiff

82 Lindsay would have to wait till the following day (11-6-2018). This is a violation of Institutional

83 Policy Chapter 6. Health Services/sub chapter. Administration/Subject. Administration

84 Organization of Health Services #6.Medical Staff/section-c "Develop medical treatment plans

85 and initiate therapy and monitoring of interventions, including ordering and renewing

86 medication" and section-g" Provide 24/7 onsite or on call physician services". Plaintiff Lindsay

87 insisted that he needed his medication to no avail and returned to his assigned unit again

88 without receiving proper and adequate medical attention.

89       d)     On 11-5-2018 at approximately 4:20 p.m. plaintiff Lindsay went to his next

90 scheduled blood sugar/insulin administration line where his blood sugar upon rechecking had

91 increased even more once again leaving plaintiff Lindsay in need of his short acting/regular

92 insulin once again. Defendant First Name Unknown (Jane Doe-2) told plaintiff Lindsay that there

93 were still no orders for insulin and that plaintiff Lindsay needed to wait till the following day (11-

94 6-2018). This is a violation of Institutional Policy Chapter 6. Health Services/sub chapter.

95 Administration/Subject. Administration Organization of Health Services #6.Medical

96 Staff/section-c "Develop medical treatment plans and initiate therapy and monitoring of

97 interventions, including ordering and renewing medication" and/section-g." Provide 24/7 onsite

98 or on call physician services". Plaintiff Lindsay informed appropriate staff that he needed his

99    medication but was dismissed and told to return to his assigned living unit leaving plaintiff

100   Lindsay without his short acting/regular insulin.

101        e)    On 11-5-2018 at approximately 9:30 p.m. plaintiff Lindsay went to his last

102   scheduled blood sugar/insulin administration line for the day. Plaintiff Lindsay checked his blood

103   sugar which by this time was over 500 as a result of lack of proper medication/treatment.

104   Defendant Stephanie Schmidt informed plaintiff Lindsay that with his blood sugar being so high

105   he needed insulin and upon information and belief called defendant First Name Unknown (John

106   Doe) to get appropriate orders for short acting/regular insulin. The order for insulin given by

107   defendant First Name Unknown (John Doe) was believed to be dangerous to plaintiff Lindsay's

108   health upon information and belief as plaintiff Lindsay voiced his concerns with defendant[s]

109   Stephanie Schmidt and defendant First Name Unknown (John Doe) about fear of such a high

110   dose. Defendant[s] Stephanie Schmidt and defendant First Name Unknown (John Doe) insisted

111   despite plaintiff Lindsay's concerns that the dose of insulin was fine and that they are "trained

112   Medical Personnel". Defendant Stephanie Schmidt even reassured plaintiff Lindsay that she

113   herself was an insulin dependent Diabetic and that plaintiff Lindsay would be ok. Plaintiff

114   Lindsay asked for a lower dose of short acting/regular insulin and again was reassured by

115   defendant Stephanie Schmidt and defendant First Name Unknown (John Doe) that it was safe.

116        f)    Plaintiff Lindsay took the dose of insulin recommended by defendant[s]

117   Stephanie Schmidt and First Name Unknown (John Doe) and returned to his assigned unit. At an

118   unknown time during the night plaintiff Lindsay suffered from a seizure due to lack of proper

119   insulin dosing throughout the day and night of 11-5-2018. Two cellmates of plaintiff Lindsay's

120   (Dylan Mennenga/Ronald Moore) upon information and belief are credited for saving his life as

121   they heard him screaming during the seizure and went to get appropriate staff. During the

122    above incident defendant[s] Daniel Forbes and defendant Franklin Selden are said upon

123    information and belief to have been laughing and joking with each other stating that the plaintiff

124    was "dead" and that "he didn't make it". This behavior shows malicious negligence on the part

125    of security staff. As a result of the seizure plaintiff Lindsay suffered multiple injuries including

126    "severe oral trauma" as he bit his tongue during the seizure and upon information and belief, a

127    small bone fracture in his left elbow. Plaintiff Lindsay was put on a "dental soft" diet for

128    approximately 14 days as he could no longer chew and was given an ace bandage wrap for his

129    left elbow injury. Plaintiff Lindsay also expressed to staff multiple times after the seizure that he

130    now fears going to sleep at night alone for fear of suffering another seizure due to lack of proper

131    medical care. Approximately 8 days after the seizure plaintiff Lindsay complained to Medical

132    Staff of pain in the left side of his neck. Responding staff informed plaintiff Lindsay upon

133    information and belief that the pain in his neck was an infection as a result of his biting of his

134    tongue during his seizure and prescribed plaintiff Lindsay Doxycycline which is an antibiotic.

135         g)      On 11-15-2018 plaintiff Lindsay reported to his scheduled insulin line at

136    approximately 9:30 p.m. to check his blood sugar and receive his insulin. Defendant First Name

137    Unknown (Jane Doe-2) told Lindsay upon completion of his blood sugar that he would be

138    receiving 14 units of his short acting (regular) insulin. defendant First Name Unknown ( Jane

139    Doe-2) told plaintiff Lindsay that the dose being offered to him was what was ordered by

140    defendant First Name Unknown ( Jane Doe-2) and that he was to either take it or not. Plaintiff

141    Lindsay asked to see the order and visually seen the order defendant First Name Unknown (

142    John-Doe-1) had ordered which was 14 units of short acting (regular) insulin. Plaintiff Lindsay

143    took the insulin and returned to his unit. At approximately 10:00 p.m. defendant First Name

144    Unknown ( Jane Doe-2) Showed up to plaintiff Lindsay's unit and asked him if he felt ok and to

145    inform Lindsay that there was a mistake and that he had received too much insulin ( 3 times

146    original amount). It is the pharmacists' responsibility per IDOC policy and procedure ( HSP-101-

147    9) to provide a mechanism to identify medication errors, trending and resolution of issues

148    through quality improvement initiatives. Plaintiff Lindsay was deprived of sleep on top of

149    emotional duress as this has now happened on multiple occasions and could have been

150    prevented. He was constantly woken up during the night to check his sugars, he told the nurse it

151    was too much insulin.

152                          V.EXHAUSTION OF LEGAL REMEDIES

153         a)    The plaintiff has filed multiple grievances dated 11/26/2018 and has exhausted

154    his legal requirements under the P.L.R.A. for the information of the honorable judge residing in

155    this case. Which if needed can be sent to the judge, to show denial of summary judgment if and

156    when filed by the defendants.

157                               VI.LEGAL CLAIMS

158         a)    Plaintiffs re-allege and incorporate by reference paragraphs 1-21.

159         b)    The deliberate difference to serious medical needs, medical malpractice and

160    denial of adequate medical care created a substantial risk of serious harm and violated plaintiff

161    Michael Miles Lindsay's rights and constituted cruel and unusual punishment, deliberate

162    indifference and a due process violations under the 8th and 14th amendment to the United States

163    Constitution.

164         c)    The plaintiff has no plain, adequate or complete remedy at law to redress the

165    wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the

166    defendants unless the court grants the declaratory and injunctive relief which the plaintiff seeks.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

a) A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

b) A preliminary and permanent injunction ordering defendants Nicole Francis, Advanced Registered Nurse Practitioner IMCC, Stephanie Schmidt, Registered Nurse IMCC, First Name Unknown (Jane Doe),Pharmacist IMCC, First Name Unknown (John Doe), Physician IMCC, First Name Unknown (Jane Doe-1), Registered Nurse IMCC, First Name Unknown (Jane Doe-2), Registered Nurse IMCC to immediately stop denying plaintiff adequate medical care.

c) Compensatory damages in the amount of $500,000.00 against each defendant, jointly and severally.

d) Punitive damages in the amount of $10,000.00 against each defendant.

e) A jury trial on all issues triable by jury.

f) Plaintiff's costs in this suit.

g) Any additional relief this court deems just, proper and equitable.

Dated: 7-30-19

Respectfully submitted,

Michael Miles Lindsay
Iowa Medical Classification Center
2700 Coral Ridge Ave.
Coralville, Iowa 50501

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

190
191
192                                     <u>VERIFICATION</u>
193
194
195   -        I have read the foregoing complaint and hereby verify that the matters alleged therein

196   are true, except as to matters alleged on information and belief, and, as to those, I believe them

197   to be true. I certify under penalty of perjury that the foregoing is true and correct.

198

199        Executed at Coralville, Iowa on July 23, 2019.

200
201        Signature
202        Michael Miles Lindsay

CONFIDENTIAL

Michael Miles Lindsay,
**Plaintiff[s]**,

VS.

Nicole Francis, Advanced Registered Nurse
Practitioner IMCC
Stephanie Schmidt, Registered Nurse IMCC
First Name Unknown (Jane Doe-1),Pharmacist IMCC
First Name Unknown (John Doe-1), Physician IMCC
First Name Unknown (Jane Doe-2), Registered Nurse
IMCC
First Name Unknown (Jane Doe-3), Registered Nurse
IMCC
Daniel Forbes, Correctional Officer IMCC
Franklin Stedson, Correctional Officer IMCC
**Defendant[s]**,

Case No. 1:19-cv-00029-LTS-KEM

SUMMONS

TO THE ABOVE-NAMED DEFENDANT[S]:

You are hereby summoned and required to serve upon plaintiff[s], whose address is <u>Iowa</u>
<u>Medical Classification Center 2700 Coral Ridge Ave. Coralville, Iowa 50501</u> an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of
the day of service, or 60 days if the U.S. Government or officer/ agent thereof is a defendant. If you fail
to do so, judgment by default will be taken against you for the relief demanded in the complaint.

: Clerk of Court

Date: _____

X _Michael Miles Lindsay_
Michael Miles Lindsay

MICHAEL LINDSAY # 6153064
IMCC
2700 CORAL RIDGE RD.
CORALVILLE, IA
52241

LEGAL

CLERK U.S. DISTRICT COURT
111 SEVENTH AVE. SE. BOX 12
CEDAR RAPIDS, IA
52401-2101

NEOPOST
07/31/2019
US POSTAGE $001.45°
ZIP 52241
041M11284792

LEGAL  7/31/19 8pm